## Perry Russell v. Charles Moork et al.

1. CONTRACTS—*Patent Rights.*—The court is of the opinion that the conclusions of the master are sustained by the evidence and that the decree of the court dismissing the bill was properly entered.

Bill for an Injunction.—Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge presiding. Heard in the Branch Appellate Court at the March term, 1902. Affirmed. Opinion filed March 31, 1903.

Appellant filed his bill setting forth an argument by him made with Charles and George Moork, appellees, whereby, among other things, it was provided as follows:

" Now, therefore, in consideration of the premises, the parties hereto agree as follows:

First. The parties of the first part hereby assign to the said Perry Russell an undivided one-half interest in and to said invention, and agree to assign an undivided one-half interest in and to any applications for patents for said invention which they may hereafter file in the United States Patent Office, and in and to any patents that may issue pursuant to said applications; and agree to execute the

proper application papers necessary to the protection of said invention.

Second. The said Perry Russell agrees to pay the expenses of filing said *caveat* and the expenses of obtaining such patent or patents in the United States, as may be neces- ·sary for the proper protection of said invention.

Third. The said Perry Russell agrees to advance the nec- essary capital for building fifty complete machines embody- ing said invention; the amount advanced for the cost of said machines to be returned to the said Perry Russell out of the profits which may be hereafter derived from the sale of said machines; 50 per cent of said profits to be applied for reimbursing the said Perry Russell, until the amount advanced by him for said machines shall have been repaid. It is understood that the money paid and to be paid for *caveat* and patents, as mentioned in the second clause hereof, is not to be returned to the said Perry Russell, but is part of the ,consideration for the assignment of said invention and patent or patents.

Fourth. It is mutually agreed that at least one United States patent for said invention shall be applied for before the expiration of said *caveat*.

Fifth. It is mutually agreed that neither party shall sell any interest in said invention or in said patents to be obtained, without first obtaining the written consent of the other party hereto, except as hereinafter provided.

It is further mutually agreed that the business funds shall be promptly deposited in a bank to be agreed upon by the parties, and that such funds shall not be drawn out except by checks signed by the said Perry Russell and one of the parties of the first part."

The bill sets forth :

" That under and by virtue of the terms of said agree- ment the business was to be conducted under the name of Russell and Moork Bros., Vending Machine Company; that said defendants have repudiated said agreement and have been carrying on said business in violation of the terms thereof; have been manufacturing machines, selling and disposing of them and receiving the proceeds, and have failed to account to complainant for his interests therein; that the purpose and intent of said defendants is to dis- pose of said invention, device and patent and cut out com- plainant and defraud him of his right and interest.

Prays for an injunction restraining from carrying on and conducting such business, and from collecting the partner-

ship accounts, and from using and applying the funds of said business to their own use and gain; prays also for a receiver; prays also for an accounting, and that the defendants may be directed to pay to complainant what, if anything, shall appear upon said accounting to be due from them."

Answers having been filed, the cause was referred to a master, who, after taking testimony, reported, among other things:

"That on November 19, 1900, Moork Bros. met complainant and asked him to furnish money to secure patent and to manufacture machines; that complainant promised to meet them the next day at Rummler's office and pay the money, and that if he did not come and pay the money they could go ahead and get some one else and do whatever they pleased with their patent; that defendants further claim that complainant did not keep the appointment, and that defendants therefore sold a one-third interest to Weiss; that between October 26, 1900, and November 19th, defendants repeatedly requested complainant to obtain letters patent and furnish money for the manufacture of the machines; that complainant did not comply with these requests; that a model was finished October 26, 1900, or a few days thereafter; and after complainant failed to appear at Rummler's office, according to agreement, the Moork Bros. sold a one-third interest to defendant Weiss, and they began to manufacture the machines; that complainant offered to pay the expenses of letters patent on the 2d of July, 1901, and that such offer was refused; that letters patent were issued May 14, 1901.

That it was the duty of the parties, under the circumstances, to mutually decide and determine what amount of money was necessary for the manufacture of the fifty machines mentioned in the contract, and for complainant to deposit the amount, when determined, in some bank to be agreed upon, or to personally obligate himself to the person employed in the building of the machines; that it was the duty of complainant to advance the necessary money for securing the patent, and while his failure in that respect might not be sufficient to terminate his interests under the contract, it is a corroborative circumstance; and that complainant is estopped from claiming any interest in the contract of October 18, 1900; recommends that bill of complaint be dismissed for want of equity at complainant's cost."

The chancellor, upon hearing, sustained the report of the master and entered a decree in accordance with his findings.

WINSTON & MUNRO, attorneys for appellant.

JOHN HERON, attorney for appellees.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion of the court.

Having examined the abstract filed by appellants and considered the briefs of counsel, we are of the opinion that the conclusions of the master are sustained by the evidence and that the decree of the court dismissing the bill was properly entered.

We are also of the opinion that there is presented no sufficient reason for sustaining the cross-errors assigned upon the refusal of the court below to award damages upon the dissolution of the injunction following the dismissal of the bill.

The decree is affirmed.